IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALAN DEETERS *and* MARY DEETERS, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | CIVIL ACTION NO. 3:11-252 |
| Plaintiffs, | ) |  |
|  | ) | JUDGE KIM R. GIBSON |
| v. | ) |  |
|  | ) |  |
| PHELAN HALLINAN & SCHMIEG, LLP *and* DOES 1-10, *inclusive*, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER OF COURT

### I. INTRODUCTION

Presently before the Court is a motion for reconsideration or, alternatively, for partial judgment on the pleadings (ECF No. 50), filed by Defendants Phelan Hallinan & Schmieg, LLP and unidentified employees of the firm. The instant motion concerns whether Plaintiffs Alan and Mary Deeters can support a request for emotional distress damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. For the reasons stated below, the Court will **deny** Defendants' motion.

### II. BACKGROUND

On September 27, 2012, the Court issued a Memorandum Opinion and Order (ECF No. 48) denying both Defendants' motion to dismiss the amended complaint (ECF No. 16) and Plaintiffs' cross-motion for summary judgment (ECF No. 19). The amended complaint (ECF No. 15) sets forth alleged violations of the FDCPA, the Pennsylvania Fair Credit Extension Uniformity Act, 72 P.S. § 2270 *et seq.*, and the Pennsylvania Unfair

Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* Plaintiffs seek, among other forms of relief,

> actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff[.]

(ECF No. 15, Am. Compl. at 9 ¶ 8). In their motion to dismiss (ECF No. 17), Defendants did not raise any issue regarding the requested relief for emotional distress damages. Defendants now argue, however, that the "instant partial dismissal issue . . . [was] subsumed within [Defendants'] Motion to Dismiss the entire Complaint." (ECF No. 51 at 2). Defendants ask the Court to dismiss with prejudice the requested relief for emotional distress damages or, alternatively, to enter partial judgment on the pleadings. (ECF No. 50). The motion is fully briefed and is ripe for disposition.

### III. LEGAL STANDARDS

#### A. Reconsideration of an Interlocutory Order

An order denying a motion to dismiss is viewed as an interlocutory order because the decision does not end the litigation. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989) (interpreting whether an order denying a motion to dismiss falls under the purview of 28 U.S.C. § 1291 as a "final judgment"). Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "as long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) (citations omitted). Furthermore, under Federal Rule of Civil Procedure 54(b), an interlocutory order is "subject to revision at any time

before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Fed. R. Civ. Pro. 54(b); *see In re Eagle Enters., Inc.*, 259 B.R. 73, 77 (E.D. Pa. 2001) (noting availability of a Rule 54(b) motion to reconsider an interlocutory order).

Although district courts have the inherent power to reconsider an interlocutory decision, "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e)." *A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001). To be entitled to relief under Rule 59(e), the standard is familiar: the party seeking reconsideration must establish "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; [or] (3) the need to correct a clear error of law or prevent manifest injustice." *Id.*; *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Because courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). Additionally, "a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Finally, such a motion cannot be used "to raise new arguments or [to] present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

## B. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved" and that she is "entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation omitted). The standard of review under Rule 12(c) is essentially identical to that for a motion to dismiss under Rule 12(b)(6), with one exception: when reviewing a motion on the pleadings, a court may consider the answer and any documents attached to the pleadings. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591–92 (M.D. Pa. 2010). Thus, the legal standards under Rule 12(b)(6) also apply here.

In determining the sufficiency of the complaint under Rule 12(b)(6), a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Nevertheless, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice. *Iqbal*, 556 U.S.

4

at 678. Rather, a complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). In other words, the plaintiff must allege facts that could, if established at trial, entitle her to relief. *See Fowler*, 578 F.3d at 213.

### III. DISCUSSION

#### A. Defendants' Motion for Reconsideration

Defendants ask the Court to reconsider its September 27, 2012 decision (ECF No. 48) denying Defendants' motion to dismiss the amended complaint. Defendants' motion for reconsideration focuses exclusively on whether Plaintiffs have alleged sufficient facts to support a claim for emotional distress damages under the FDCPA. (*See* ECF No. 51 at 2–4). Because the motion does not provide substantive arguments regarding any issue discussed within the Court's previous decision, the Court will **deny** Defendants' motion for reconsideration.

Defendants filed a 16-page brief in support of their motion to dismiss, asserting several arguments with respect to the alleged FDCPA violations. (ECF No. 17). First, Defendants argued that the state court complaint did not overshadow or contradict the text of the PHS Validation Letters. (ECF No. 17 at 1, 8). Second, Defendants asserted that the PHS letters effectively and clearly communicated to the least sophisticated debtor that the state court complaint had no effect on the Plaintiffs' rights to dispute the debt. (*Id.* at 1–2, 9–11). Third, Defendants raised arguments concerning the requested relief for actual and statutory damages under the FDCPA. (*Id.* at 12–13). With respect to actual damages,

Defendants merely argued that, because Plaintiffs disputed the debt, they did not suffer any "actual damage." (ECF No. 17 at 13). Noticeably absent from Defendants' motion to dismiss and its accompanying brief is any argument regarding the pleading standards for emotional distress damages.

The Court issued a 21-page decision regarding Defendants' motion to dismiss. (ECF No. 48). The Court deferred ruling on all issues concerning actual and statutory damages because Defendants could raise them at a later stage of litigation. (ECF No. 48 at 6 n.1). Defendants can likewise raise issues concerning emotional distress damages—a component of actual damages under the FRCPA[1]—at a subsequent stage. Instead, Defendants have tasked the Court with reconsidering its previous decision, setting forth entirely new legal arguments in the process. The purpose of a motion for reconsideration is to allow a court to reevaluate the basis of its decision, not to evaluate new legal arguments that could have been raised prior to the issuance of the judgment. *See Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The motion for reconsideration will therefore be **denied**.

### B. Defendants' Motion for Judgment on the Pleadings

The final matter before the Court is whether judgment on the pleadings is warranted on the issue of emotional distress damages. As discussed previously, the legal standard is one under a Rule 12(b)(6) challenge: that is, whether Plaintiffs have pled sufficient facts that could, if established at trial, entitle them to relief for emotional distress damages under the FDCPA. Defendants argue that Plaintiffs must plead sufficient facts to

---

[1] *See infra* Part III.B for an analysis on this issue.

suggest that there has been "egregious or unlawful emotionally disturbing conduct"; otherwise, "Plaintiffs' claim for emotional distress lacks the factual basis and pleading specificity necessary." (ECF No. 51 at 3). Defendants' argument is meritless.

Damages for emotional distress are recoverable under the FDCPA. *See Wenrich v. Robert E. Cole, P.C.*, CIV. A. 00-2588, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000); *Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988), *aff'd*, 868 F.2d 566 (3d Cir. 1989) ("[W]e believe that violations of the FDCPA, by their very nature, (e.g., abusive, deceptive or unfair debt collection practices), are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance."). Moreover, a plaintiff need not prove the elements of the Pennsylvania torts of intentional or negligent infliction of emotional distress to recover damages for emotional distress under the FDCPA; instead, "when a violation of the FDCPA has been established, *actual damages* for emotional distress can be proved independently of state law requirements." *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991) (emphasis added). Finally, there are no particularized pleading requirements when it comes to requesting actual damages under the FDCPA. *See Yelin v. Swartz*, 790 F. Supp. 2d 331, 336–37 (E.D. Pa. 2011) ("[T]he Complaint itself states that Plaintiff was financially damaged by Defendants' conduct and requests 'actual damages' as a form of relief. . . . Plaintiff has satisfied his burden of pleading damages [under the FDCPA] . . .").

Here, Plaintiffs request "*actual damages* from the Defendants for all damages including emotional distress . . ." (ECF. No. 15 at 9 ¶ 8) (emphasis added). In other words, Plaintiffs request emotional distress damages solely as a component of their actual

7

damages of which they may be entitled under the FDCPA. Defendants have asserted no separate cause of action for emotional distress. *See Wenrich v. Robert E. Cole, P.C.*, CIV. A. 00-2588, 2001 WL 4994, at *8 (E.D. Pa. Dec. 22, 2000) ("Defendants' Motion to Dismiss the 'Emotional Distress Damages claim' is denied, as Plaintiffs have asserted no such cause of action. Should Plaintiffs prove emotional distress damages, they may be entitled to recover under the FDCPA. . ."). At this stage of litigation, Plaintiffs have met their burden of pleading alleged violations of the FDCPA. In the process, Plaintiffs requested relief for actual damages, including damages for emotional distress. There is no basis for Defendants' motion for partial judgment on the pleadings, and it will be **denied**.

## IV. Conclusion

For the reasons stated above, the Court will **deny** Defendants' motion for reconsideration or, alternatively, for partial judgment on the pleadings (ECF No. 50). The Court reiterates that, once the record is more factually developed, the parties may raise any issues pertaining to actual or statutory damages under the FDCPA.

An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALAN DEETERS *and* MARY DEETERS, | ) | |
|---|---|---|
| | ) | |
| | ) | CIVIL ACTION NO. 3:11-252 |
| Plaintiffs, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| PHELAN HALLINAN & SCHMIEG, LLP *and* DOES 1-10, *inclusive*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW, this **12th** day of December 2013, this matter coming before the Court on Defendants' motion for reconsideration or, alternatively, for partial judgment on the pleadings (ECF No. 50); and upon consideration of the parties' briefs (ECF Nos. 51, 52, 57); and for the reasons stated in the accompanying memorandum,

**IT IS HEREBY ORDERED** that the motion (ECF No. 50) is **DENIED**.

BY THE COURT:

Kim R. Gibson
_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE